UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TREVOR NORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | Civil Action No: SA-12-CA-402-XR |
| | ) | |
| RICK THALER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date, the Court considered the United States Magistrate Judge's Report and Recommendation concerning Petitioner Trevor Norman's petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed March 5, 2013 (docket no. 11), and Petitioner's objections thereto (docket no. 16). After careful consideration, the Court ACCEPTS the recommendation and accordingly DENIES and DISMISSES the petition for a writ of habeas corpus.

**Background**

Petitioner is currently serving an eighty-five-year sentence in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division after a jury convicted him of murder. *Texas v. Norman*, No. 2007-CR-5495 (379th Dist. Ct., Bexar County, Tex. Feb. 27, 2009). The jury convicted Norman for "intentionally and knowingly" causing the death of Channell Monique Dixon by shooting her with a firearm on or about December 17, 2006. *Ex Parte Norman*, App. No. 77,340-01 (Tex. Crim. App. Mar. 15, 2012). Petitioner directly appealed his conviction, and the Court of Appeals affirmed. *Norman v. Texas*, No. 013-09-173-CR, 2010 WL 3279462 (Tex.

1

App.—Corpus Christi Aug. 19, 2010, pet. ref'd).  The Texas Court of Criminal Appeals ("CCA")

refused Norman's petition for discretionary review.  *Norman v. Texas*, PDR No. 1312-10 (Tex.

Crim. App. Jan. 26, 2011).  After his direct appeals were denied, Petitioner filed his state petition

for writ of habeas corpus with the Court of Criminal Appeals, which was also denied.  *Ex Parte*

*Norman*, App. No. 77,340-01 (Tex. Crim. App. Apr. 18, 2012).

Petitioner filed a petition for habeas corpus with this Court on April 23, 2012.  In his petition

to this Court, Norman asserted one ground for habeas relief, "warrantless search and arrest."  *Ex*

*Parte Norman*, WR 77,340-01 at 6.  Petitioner alleged that the "trial court erred in failing to suppress

evidence and allowing Petitioner's video taped statement to officers as harmful evidence against him

at trial."  Pet'r's Mem. In Support of Habeas Corpus (docket no. 1) at 6.  Respondent argues that

Petitioner is barred from challenging the validity of the search and his subsequent arrest because

Petitioner was "provided an opportunity to full and fair litigation of a Fourth Amendment claim" and

may not be granted federal habeas relief on the claim based on *Stone v. Powell*.  428 U.S. 465, 96

S. Ct. 3037 (1976).  Respondent further argues that Petitioner's claim of trial court error regarding

the admission of his videotaped statement is procedurally barred from habeas review because

Petitioner failed to raise the claim in his petition for discretionary review.  Resp't Mem. In Response

to Habeas Corpus (docket no. 10) at 13-15.  Norman's petition was referred to Magistrate Judge

Mathy, who recommended that it be denied and dismissed.

### Magistrate Judge's Report & Recommendation

First, the Magistrate Judge considered Respondent Rick Thaler's argument that Petitioner's

Fourth Amendment claim is barred under *Stone v. Powell*. Report & Recommendation ("R&R") at

11; *see* 428 U.S. 465, 96 S. Ct. 3037 (1976).  The Magistrate Judge found that Norman had an

opportunity to fully and fairly litigate his Fourth Amendment unlawful search and arrest claim in his pre-trial motion to suppress as well as during the *Jackson v. Denno* hearing.  R&R at 11 (citing *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002)).  Further, the Magistrate Judge found that Norman failed to demonstrate that Texas courts "routinely and systematically" apply state processes to prevent litigation of Fourth Amendment claims, and thus concluded that Norman's Fourth Amendment claims were barred under *Stone*. R&R at 13 (citing *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006)).

Next, the Magistrate Judge considered Petitioner's claim that the trial court erred in failing to suppress his videotaped statement.  R&R at 14.  The Magistrate Judge found that Norman had the opportunity to raise his claim on direct appeal, and by failing to do so, Norman was barred from raising it in a habeas petition.  *Id*. at 14-15 (citing *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004); *Ex Parte Gardner*, 959 S.W.2d 189, 199-200 (Tex. Crim. App. 1998)).  Moreover, the Magistrate Judge found that Norman has not demonstrated that the state court's rejection of his claim of trial court error in failing to suppress his videotaped statement was objectively unreasonable or contrary to clearly established federal law as established by the United States Supreme Court.  *Id*. at 15.

## Standard of Review and Applicable Law

Where, as here, the Magistrate Judge's Report and Recommendation is objected to, the Court reviews the Report and Recommendation de novo.  28 U.S.C. § 636(b)(1)(C).  Such a review means that the Court will examine the entire record and will make an independent assessment of the law. Any portions of the Report and Recommendation not objected to will be reviewed by the Court only for clear error.  *Id*.; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A petition for a writ of habeas corpus is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a petitioner may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to . . . clearly established federal law" if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law [or] . . . confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is "an unreasonable application of clearly established federal law" if it either "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or makes an unreasonable determination as to whether or not to extend a legal principle from the Supreme Court's precedent to a new context. *Id*. at 407.

### Analysis

The Court construes Norman's filing (docket no. 16) as raising two objections: (1) the Magistrate Judge incorrectly determined that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim; and (2) the Magistrate Judge incorrectly determined that Petitioner was procedurally barred in raising his claim that the trial court erred in failing to suppress his videotaped statement.

4

1.      **Full and Fair Opportunity to Litigate Fourth Amendment Claims**

The Magistrate Judge found that Norman had an opportunity to fully and fairly litigate his Fourth Amendment unlawful search and arrest claim, thus barring relief by federal habeas corpus. R&R at 11.  Norman points the Court to several Supreme Court cases decided after *Stone v. Powell*, 428 U.S. 465 (1976), which speak to the admissibility of evidence obtained in violation of the Fourth Amendment.  Docket no. 16 at 2-4.  However, these cases are irrelevant to the issue presented to this Court, namely, whether Norman had a full and fair opportunity to litigate his Fourth Amendment claims.  Moreover, Norman correctly asserts that *Stone* "bars habeas relief for Fourth Amendment claims in which the trial court provided an opportunity to raise the claims at a hearing."  Docket no. 16 at 4.

In *Stone*, the Supreme Court held that when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, . . . a state prisoner [may not] be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 482; *ShisInday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007). Therefore, if the defendant failed to raise the claim, *Stone* bars federal habeas corpus consideration of that claim. *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 1978) (citing *Caver v. Alabama*, 577 F.2d 1188, 1193 (5th Cir. 1978)).

The record reflects that Norman had an opportunity to fully and fairly litigate his Fourth Amendment unlawful search and arrest claim.  In the trial court, Norman raised the issue of unlawful search and arrest in a pre-trial motion to suppress. *Texas*, No. 2007-CR-5495, CR at 20-21.  Norman then moved for and was granted a *Jackson v. Denno* hearing during his trial. *Id*. at 37-39.  During the *Jackson v. Denno* hearing, Norman was given the opportunity to testify about the voluntariness

5

of his statement. *Norman*, 2010 WL 3279462 at 1-2. Once the trial court denied the suppression

motion, Norman directly appealed the trial court's ruling to the Thirteenth Court of Appeals.

*Norman*, 2010 WL 3279462. Moreover, on his direct appeal, Norman failed to raise the validity of

the search and his arrest, and merely addressed the two issues concerning his motion to suppress

statements. *Id*. at 5.

  The above records reveal that Norman was provided a full and fair opportunity to litigate his

Fourth Amendment claim in state court. And it is evident that Texas provides a process by which

a defendant can litigate a Fourth Amendment claim, as was done in this case, thereby foreclosing

federal habeas corpus review. *See Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (citing

*Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980)). Therefore, the Magistrate Judge was correct

in finding that Norman had an opportunity to fully and fairly litigate his Fourth Amendment unlawful

search and arrest claim, thereby barring relief by federal habeas corpus.

## 2. Procedural Bar of Trial Court Error Claim

  The Magistrate Judge found that Norman's challenge to the trial court's error in failing to

suppress his videotaped statement was procedurally barred. R&R at 14. Norman points the Court

to *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999), and claims that he "does not have to ask the

state for collateral relief based on the same evidence and issues already decided by direct review."

Docket no. 16 at 4-5. Norman is incorrect. *O'Sullivan* held that presentation to the CCA by petition

for discretionary review, when available, is required for exhaustion, and that failure to present claims

in a petition for discretionary review will procedurally default them. 526 U.S. at 848.

  Moreover, the Texas CCA has repeatedly held that claims that could have been raised on

direct appeal may not be raised in a state habeas petition. *See Ex Parte Gardner*, 959 S.W.2d 189,

199-200 (Tex. Crim. App. 1998).  The Fifth Circuit has also recognized this state procedural bar. *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004).  Therefore, if the state court has based its denial of relief on a procedural default, federal review of a habeas claim is procedurally barred, unless Petitioner "demonstrates cause for the default and actual prejudice attributable to the default or that the federal court's failure to consider the claim will result in a miscarriage of justice."  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  More specifically, a "miscarriage of justice" means that Petitioner has established that he is actually innocent of his crime.  *See Sawyer v. Whitney*, 505 U.S. 333, 339-40 (1992).

Norman has failed to demonstrate any cause for the procedural default and actual prejudice attributable to the default or any miscarriage of justice that will result if his claim is procedurally barred.  Further, Norman has not demonstrated that the state court's rejection of his claim of trial court error in failing to suppress his videotaped statement was objectively unreasonable or contrary to clearly established federal law as established by the United States Supreme Court.  And Petitioner also failed to show that the adjudication of his claim in state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Therefore, the Magistrate Judge was correct in finding that Norman's challenge to the trial court's error in failing to suppress his videotaped statement was procedurally barred.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner's objections lack merit. Additionally, this Court's review of the non-objected-to portions of the Magistrate Judge's Report and Recommendation reveals no clear error.  Accordingly, this Court DENIES and DISMISSES

Petitioner Norman's petition for a writ of habeas corpus.

Further, for the reasons stated in the Magistrate Judge's report, a Certificate of Appealability is DENIED.  Norman's motion for discovery (docket no. 17) is DENIED.

It is so ORDERED.

SIGNED this 30th day of May, 2013.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

8